UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS D. BAKER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. C13-1692 JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Thomas D. Baker appeals the ALJ's written decision finding him not disabled.[1] Dkt. 1. Mr. Baker contends by misevaluating the medical evidence, the ALJ improperly found he had the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels with certain non-exertional limitations, and erred in relying on this RFC to find he could perform other work at step five. Tr. 20-34. Mr. Baker also contends remand is necessary to consider new evidence submitted after the ALJ's decision. As discussed below, the Court **RECOMMENDS REVERSING** the Commissioner's final decision **REMANDING** the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g).

//

---

[1] The Appeals Council denied review on July 31, 2013, making the ALJ's decision the Commissioner's final decision.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

The procedural history of this case is not in dispute and need not be detailed. Utilizing the five-step disability evaluation process, the ALJ found Mr. Baker last worked on March 16, 2011; major depressive disorder, oppositional defiance disorder, phencyclidine dependence, alcohol abuse, and marijuana dependence were severe impairments; and that these impairments did not meet the requirements of the Listings. Tr. 22-26. The ALJ concluded Mr. Baker had the RFC to "perform a full range of work at all exertional levels except [Mr. Baker] can complete simple and routine tasks; work would essentially be isolated with no contact with the general public, no tandem tasks, or tasks involving a cooperative team effort; and any contact with co-workers or supervisors would be superficial." Tr. 26. Based on this RFC, the ALJ found Mr. Baker could perform other work as a janitor, cleaner II, or scrap sorter and was thus not disabled. Tr. 25-34.

Mr. Baker challenges the ALJ's RFC determination arguing the ALJ improperly rejected portions of Rolf Kolden M.D.'s medical opinions that suggested additional social limitations, and that based on this erroneous determination, the ALJ improperly found that Mr. Baker could perform other work at step five. Tr. 33-34. Mr. Baker also contends the ALJ's decision is not supported by substantial evidence in light of new medical evidence from James Czysz, Psy. D, which Mr. Baker submitted to the Appeals Council. Dkt. 1; 16.

## DISCUSSION

**A.    The ALJ's evaluation of Dr. Kolden's medical opinions**

In May 2010, Dr. Kolden, M.D., of the Community Psychiatric Clinic ("CPC"), performed a psychological evaluation of Mr. Baker. Tr. 292. Dr. Kolden indicated "marked limitations in Mr. Baker's ability to interact appropriately to co-workers and supervisors,"

REPORT AND RECOMMENDATION - 2

observing Mr. Baker to be "easily agitated, [and] easily stressed, which produces anger." *Id.* The ALJ apparently discounted this portion of the opinion, stating "I have accounted for social limitations [in the RFC] and do not find that further limitation is warranted by this record." Tr. 32. Mr. Baker argues the ALJ erred because he had a long history of physical altercations warranting a finding of further social limitations. Dkt. 1 at 9. The Court disagrees. The ALJ explained, despite Mr. Baker's history of physical altercations, the record showed Mr. Baker was "able to interact appropriately when motivated to do so," including making routine use of the bus system, couch-surfing, romantic involvements, and monthly AA/NA meeting without incident. Tr. 26. It was not unreasonable for the ALJ to rely on this evidence to discount the doctor's opinion and accordingly, the Court concludes substantial evidence supports the ALJ's decision to discount this portion of Dr. Kolden's opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir., 2004) (an ALJ may give less weight to an opinion that is inconsistent with other evidence in the record).

Dr. Kolden also opined Mr. Baker was markedly limited in "[his] ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting," again noting Mr. Baker was "easily agitated, [and] easily stressed which produces anger." Tr. 292. He found Mr. Baker had moderate limitations in "[his] ability to exercise judgment and make decisions, and . . . maintain appropriate behavior in a work setting." *Id.* The ALJ rejected these opinions, finding "neither of these limitations were explained sufficiently," and that "Dr. Kolden merely noted the claimant was easily agitated, stressed and angered . . . [and] included no personal observations." Tr. 32. The ALJ concluded the "limitations are based entirely on the claimant's report, which is not fully credible." *Id.*

Mr. Baker correctly argues these are insufficient reasons to reject Dr. Kolden's opinion.

REPORT AND RECOMMENDATION - 3

1    Dkt. 1; 16.  First, the ALJ erred in finding that Dr. Kolden's opinion included no personal
2    observations.  Although it appears Dr. Kolden and Mr. Baker had an amicable relationship, Dr.
3    Kolden's treatment notes and CPC's intake notes show that Dr. Kolden and CPC staff observed
4    Mr. Baker's anger on multiple occasions.  *See* Tr. 383; 442-43; 501.  Accordingly, the ALJ's
5    finding that the doctor did not personally observe Mr. Baker's behavior is not supported by
6    substantial evidence. *See* Tr. 32.

7    Second, the ALJ erred in finding Dr. Kolden's opinion was based entirely on Mr. Baker's
8    subjective complaints.  *Id.*  An ALJ does not provide a legitimate reason to reject the opinion of a
9    treating physician "by questioning the credibility of the patient's complaints when the doctor
10   does not discredit those complaints and supports his ultimate opinion with his own
11   observations."  *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir., 2008);
12   *see also Arevalo v. Colvin*, No. SA CV 12-895-PLA, 2013 WL 1314008, at *6 (C.D. Cal., Mar.
13   29, 2013) (finding the ALJ did not provide specific or legitimate reasons for rejecting medical
14   evidence based on plaintiff's subjective complaints and on a medical examination).  Here, Dr.
15   Kolden did not indicate Mr. Baker was not believable and did not discredit his complaints in his
16   evaluations or treatment notes.  Additionally, while the doctor certainly recorded Mr. Baker's
17   statements, the record does not show his opinion was based solely on those statements.  Rather,
18   Dr. Kolden's evaluation shows that his opinions were based on a review of Mr. Baker's
19   psychiatric records, Tr. 289, the doctor's clinical assessment of Mr. Baker, and his own
20   observations.

21   Likewise, the ALJ erred in rejecting Dr. Kolden's May 2012, psychological evaluation on
22   the grounds there was "no evidence that Dr. Kolden performed any intervening exams"; contrary
23   to this finding, the record shows Dr. Kolden provided continuous treatment notes from February

REPORT AND RECOMMENDATION - 4

19, 2010, to May 3, 2012. Tr. 32; 377- 406; 494-497. The Commissioner argues this evidence is of no moment because the ALJ's findings do not materially differ from Dr. Kolden. Dkt. 15 at 7. The record does not support this argument. Dr. Kolden found moderate limitations where the ALJ found none in Mr. Baker's ability to "perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, complete a normal work day and work week without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods." Tr. 490.

The ALJ's rejection of the above portions of Dr. Kolden's psychological evaluations was harmful because it resulted in the ALJ's failure to account for the severity of Mr. Baker's social limitations in determining his RFC, *see* C.F.R. 416.945(a) (the ALJ must address all relevant evidence in determining a claimant's capacity to work), and because the ALJ erroneously relied on this RFC to find Mr. Baker was capable of performing other work under step five. Accordingly, the matter should be remanded with directions that the ALJ reevaluate Dr. Kolden's opinions, treatment notes and CPC's intake notes in assessing Mr. Baker's RFC before proceeding under step five.[2]

**B.    Medical evidence submitted after the ALJ's decision**

On August 15, 2012, one week after the ALJ issued her decision finding Mr. Baker not disabled, Dr. Czysz, Psy.D., performed a psychological evaluation of Mr. Baker as part of his regular review for the Washington State Department of Social and Health Services ("DSHS"). Tr. 508-11; Dkt. 16 at 7. Mr. Baker submitted this evaluation to the Appeals Council with his request for review of the ALJ's decision. The Appeals Council denied review, indicating there

---

[2] Dr. Kolden's August 23, 2012, MRFC assessment was completed after the ALJ's decision on August 8, 2012. Mr. Baker did not submit this evaluation for review by the Appeals Counsel and as such the assessment is not part of the administrative record and was not considered by this Court on review.

REPORT AND RECOMMENDATION - 5

was no "basis for changing the ALJ's decision." Tr. 2. Because the Appeals Council considered Dr. Czysz's opinion in denying review, the new evidence is part of the administrative record, which this Court must consider in determining whether the ALJ's decision is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

Mr. Baker contends that based on Dr. Czysz's opinion and the record as a whole, the ALJ's decision is not supported by substantial evidence. Dkt. 1; 16. In contrast, the Commissioner contends Dr. Czysz's opinion is untimely, does not correspond to the period under review, and is thus not grounds to reverse the ALJ's decision. Dkt. 15 at 9-11. The Commissioner's argument, however, is foreclosed by *Brewes*, which held the good cause and materiality standards in 42 U.S.C. §405(g) for new evidence are inapplicable where the Appeals Counsel has made new evidence part of the record after review. 682 F.3d at 1159-60.

The Commissioner also argues Dr. Czysz's opinion does not affect the ALJ's decision because it was based on Mr. Baker's subjective complaints and a psychological evaluation not in the record. Dkt. 15 at 11. As discussed above, an ALJ's errs in discounting a doctor's opinion where the physician did not discredit those statements, and where the doctor's opinion is supported by his or her own observations. *Ryan*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). In this case, Dr. Czysz noted Mr. Baker's statements but based his opinion on his clinical evaluation, his own observations, and his review of a psychological evaluation completed by Gerald Cavanee, Ph.D.[3] Tr. 508-11.

Finally, the Commissioner argues Dr. Czysz's opinion is duplicative of Dr. Kolden's

---

[3] Although Dr. Cavanee's psychological evaluation is not part of the record, the Commissioner has presented nothing that raises suspicions of its authenticity.

REPORT AND RECOMMENDATION - 6

opinion and thus does not undermine the viability of the ALJ's decision. Dkt. 15 at 10-11. While the opinions may be similar, the Commissioner's argument fails because it assumes that the ALJ correctly rejected Dr. Kolden's opinion. As Dr. Kolden's opinion was not properly considered and must be reexamined, it follows the ALJ should also evaluate Dr. Czysz's opinion in determining Mr. Baker's RFC before proceeding under step five.

## CONCLUSION

For the foregoing reasons, the Court recommends **REVERSING** the Commissioner's final decision and **REMANDING** the matter for further administrative proceedings under sentence four of 42 U.S.C. §405(g). On remand, the ALJ should reevaluate Dr. Kolden's opinions, and consider Dr. Czysz's opinion in assessing Mr. Baker's RFC, develop the record as necessary, and proceed to step five as appropriate. A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation must be filed no later than May 12, 2014. If no objections are filed, the matter will be ready for the Court's consideration on May 16, 2014. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 28th day of April, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7